HARPER v. NOBLE

(May 27, 1929.   Opinion and Decree.)
(June 10, 1929.   Rehearing Denied).

Martin E. Kranz, of New Orleans, attorney for plaintiff, appellant.

Jos. A. Casey, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff sues on notes for $100, with 8 per cent interest on certain portions thereof from various dates until paid, and also for $25 attorney's fees. Defendant refuses to pay, basing his refusal on his contention that he had paid the notes. It seems that, prior to the execution of these notes, defendant had borrowed $200 from plaintiff and had for many months been making payments more or less regularly on this amount. No notes were given on this first transaction. After paying on this first loan what seemed to him considerably more than was due, defendant refused to make additional payments, and plaintiff thereupon called on him and persuaded him to execute a series of ten notes for $20 each, payable monthly. Defendant had paid five of these notes when, having come to the conclusion that, as a result of the entire transaction with plaintiff, he had paid him a great deal more than could possibly be represented by the principal and interest, he refused to make further payments. This suit resulted.

Defendant reconvened for a very large sum which he claimed as overpayment as a result of usurious interest. It seems to us that the defense, instead of being a plea of payment, should have been a plea of want of consideration, because it is manifest that, after executing the notes, defendant made no payment to the holder thereof, but we are convinced that he received no consideration therefor. The evidence as to want of consideration was introduced without objection and we see no reason why the position of defendant, assumed in his pleadings, should not be changed by evidence not objected to.

The case turns entirely on a question of fact, which the trial judge resolved in favor of defendant. We see no manifest error in his finding.

So far as the reconventional demand is concerned, the evidence is very confusing, and, as on this point the burden of proof is on the defendant, and since it is manifest that he has not sustained this burden, we believe that this reconventional demand was properly dismissed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at the cost of appellant.

ON APPLICATION FOR REHEARING.

Counsel for appellant in his application for rehearing directs our attention to the fact that a typographical error appears in the second paragraph of our opinion in this case, reading: "It seems to us that the defense, instead of being a plea of payment, should have been a plea of want of consideration, because it is manifest that,

after executing the notes, defendant made no payment to the holder thereof, and we are convinced that he received no consideration therefor."

The language is now corrected so as to read:

"It seems to us that the defense, instead of being a plea of payment, should have been a plea of want· of consideration, because it is manifest that, after executing the notes, plaintiff made no payment therefor to the maker thereof, and we are convinced that he received no consideration therefor."

The verbiage in our opinion is corrected, and the application for rehearing is denied.